McPHERSON *v.* PINCH.

1. AGENCY—TENANTS IN COMMON—ALTERATION OF LEASE—RATIFICATION.

Where one of two prospective tenants presents a lease signed by them to the owner of the premises for his signature, and obtains the same after striking out a material provision to which the owner objects, a ratification of the alteration by the other tenant is, unless original authority is shown, essential to the validity of the lease.

2. SAME—DECLARATIONS OF AGENT.

The declarations of the tenant procuring the lease, as to the authority vested in him by his cotenant, may be shown to impeach his testimony that he had no original authority, but not to prove the fact of agency.

3. SAME—EVIDENCE—QUESTION FOR JURY.

Evidence that the cotenant saw the lease in its changed form a few days after it was executed, and made no objection then or when the rental was demanded, but, on the contrary, used language from which it might be inferred that he considered himself bound by the lease, and held himself out to the public, by bill heads, as a proprietor of the premises, is sufficient to go to the jury on the question of ratification.

4. JUDGMENT—JOINT DEFENDANTS.

The jury should not be instructed to render a verdict of no cause of action in the absence of a joint liability on the part

of defendants, when one of them admits his liability, but a verdict against such defendant should be directed under Circuit Court Rule No. 27 (*c*).

Error to Eaton; Smith, J. Submitted November 17, 1898. Decided December 13, 1898.

Covenant by Samuel A. McPherson against Benjamin W. Pinch and Charles M. Beecher to recover the rent due upon a lease. From a judgment for plaintiff, defendants bring error. Reversed.

Suit to recover the rental upon a lease of a mill property. Defendant Pinch was the owner of the property, and exchanged it with plaintiff for property in Battle Creek, where the latter resided. The property was situated in Olivet, where defendants resided. The lease bears date December 9, 1895, and is signed by plaintiff and both defendants. Defendants signed it at Olivet, and defendant Pinch took it to Battle Creek to have it executed by plaintiff. The lease, as signed by both defendants, contained the following clause:

" Said second parties have privilege to make any necessary small repairs at expense of first party without giving notice to said first party of the same, and to deduct actual cost of same out of rent; said second parties to furnish bills and receipts for all money paid out for same: *Provided*, that, if any repair is made necessary the expense of which is more than $25, said second parties shall not be authorized to make said repairs without first consulting said first party or his authorized agent."

Plaintiff refused to execute the lease with this clause in. Thereupon plaintiff and Pinch agreed to strike it from the lease. It was erased with red ink, and Pinch and plaintiff signed the following, written upon the back of the lease:

"This lease is in duplicate, and both have the same alterations. It is hereby understood and agreed that all that part of this lease which has been erased by drawing red lines across same, and that part of the lease referring

to keeping up the repairs of said property covered by the lease, has been done by and consent of both parties to this lease, namely, S. A. McPherson and Benjamin W. Pinch."

The lease was then delivered, and Pinch returned with it to Olivet, and carried on the business with Mr. Beecher.

The original declaration sets forth the lease in full, including the erased portion as a part of it. Subsequently plaintiff, by order of the court, amended his declaration by striking out this clause. Neither the original nor the amended declaration contained the agreement upon the back of the lease. Defendants pleaded the general issue. Upon the trial defendant Beecher asked and obtained permission to file an affidavit denying the execution of the lease, which he did. Plaintiff recovered verdict and judgment against both defendants.

*Huggett & Smith*, for appellants.

*Powers & Stine*, for appellee.

GRANT, C. J. (*after stating the facts*). 1. Plaintiff offered the lease in evidence, except the agreement upon the back, to which defendants' counsel objected. It was received under exception. The latter agreement was subsequently introduced. The alteration was a material one, and neither before the lease was offered in evidence, nor afterwards, was there any competent evidence to show that Mr. Beecher had authorized Mr. Pinch to change the lease. If the case rested upon this, the objection would be fatal, not only to the admission of the lease in evidence, but to the right of recovery against Beecher. There was, however, evidence of ratification, so that the objection becomes a technical one, and relates only to the order of proof.

2. The court, in its instruction, left the question of authority to the jury. There was no evidence of original authority. Mr. Pinch, a witness for the defendants, testified that he had no such authority. On cross-examination he was asked if, at the time the change was made, he

did not state in the presence of certain persons that he had such authority from Beecher. This he denied. Plaintiff then introduced witnesses to impeach this statement. While this impeaching testimony would have been competent to discredit the witness, especially if there had been other testimony of authority, it could not be used by the jury to prove the fact of agency. It was no more competent for that purpose than it would have been if offered as independent testimony of the agent's declaration. It is elementary that the declarations by an agent are incompetent for that purpose. The court should have so instructed the jury, and should also, as requested, have eliminated from their consideration the question of authority. It is true that there was no intention on the part of plaintiff and Pinch to release Beecher, but such was the legal effect, unless he ratified the change.

3. It is urged that there was no evidence of ratification. There was evidence that Beecher held himself out to the public, by bill heads, as a proprietor; that he saw the lease in its changed form a few days after it was executed, and made no objection; that plaintiff demanded the rental; and that he did not then deny his liabilty, but used language from which the jury would be justified in inferring that he considered himself bound by the lease, and obligated to pay. We think there was sufficient to justify the submission of this question to the jury.

4. In view of a new trial,—although the point does not appear to be raised,—we notice one other error in the instruction of the court, to the effect that, if the jury found there was no joint liability, they must find a verdict of no cause of action. Pinch admitted his liability, and, under Circuit Court Rule No. 27(c), the jury should have been instructed to render a verdict against Pinch, if they found that Beecher was not liable.

Reversed, and new trial ordered.

The other Justices concurred.